IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**JACKSON HMA LLC d/b/a**
**MERIT HEALTH CENTRAL (HOSPITAL)**                                    **PLAINTIFF**

**VS.**                                                                           **NO:** 3:23-cv-128-KHJ-MTP

**HUGO PALACIOS VAZQUEZ, M.D.**                                        **DEFENDANT**
**a/k/a HUGO PALACIOS**

## COMPLAINT

Comes now Plaintiff, JACKSON HMA LLC d/b/a MERIT HEALTH CENTRAL (HOSPITAL) (hereafter, "PLAINTIFF"), whose address is 1850 Chadwick Drive, Jackson, MS 39204, by its attorney, and brings this action for (1) a Declaratory Judgment adjudicating that Defendant breached a contract between the parties in bad faith; (2) an injunction mandating that Defendant specifically perform as agreed in his contract; (3) actual damages; (4) punitive damages; (5) pre-judgment interest; (6) costs; (7) attorneys' fees; and (8) any other damages or relief as the court might find against DEFENDANT, HUGO PALACIOS VAZQUEZ, M.D. a/k/a/ HUGO PALACIOS (hereafter, "DEFENDANT"), and for causes of action, alleges the following:

### I. PARTIES

1. PLAINTIFF is a Mississippi Limited Liability Company in good standing, (Business ID # 938738) domiciled in having its principal office address at 4000 Meridian Blvd., Franklin, Tennessee 37067. The sole member of the Plaintiff LLC is Mississippi HMA Holdings II LLC, which is a Delaware LLC in good standing.

2.      DEFENDANT is an adult who resided at 18 Eastpark Dr., Jackson, MS 30211 at relevant times to the claims herein. On information and belief, however, DEFENDANT now resides at and may be served with process at 7541 Patrick Ave., Omaha, Nebraska 68116.[1]

## II. JURISDICTION AND VENUE

3.      This Court has complete diversity of citizenship subject matter jurisdiction[2] over this case between citizens of different States pursuant to 28 U.S.C. §§ 1332(a)(1) and 1332c because (a) the amount in controversy, including compensatory and punitive damages,[3] exceeds $75,000, exclusive of interest and costs and (b) the citizenship of the PLAINTIFF, although it is a Mississippi registered Limited Liability Company, is determined by the citizenship of its individual member (which is a corporate citizen of the State of Delaware).[4]

4.      Venue is proper in the Southern District of Mississippi pursuant to 28 U.S.C. § 1391(b)(2) because a diversity action may be brought in "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." The events giving rise to the

---

[1] At all times relevant to the Contract (Exhibit 1) between the parties, DEFENDANT, resided in Jackson, MS and worked at the HOSPITAL. On information and belief, subsequent to DEFENDANT's resignation under the Contract (Exhibit 1), DEFENDANT is now employed as a surgical resident at the University of Nebraska Medical Center in Omaha, Nebraska.

[2] In *Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806), the Supreme Court established the rule of complete diversity for cases arising under 28 U.S.C. § 1332. See *McLaughlin v. Mississippi Power Co.*, 376 F.3d 344, 353 (5th Cir.2004). Complete diversity "requires that all persons on one side of the controversy be citizens of different states than all persons on the other side." *Id.* (citing *Harrison v. Prather*, 404 F.2d 267, 272 (5th Cir.1968)).

[3] Claims for punitive damages are included in the calculation of the amount in controversy. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir.1998).

[4] *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir.2008)("[T]he citizenship of a LLC is determined by the citizenship of all of its members.").

contract which is the basis of this lawsuit occurred in Hinds County, Mississippi and the PLAINTIFF in this action has its principal place of business in Hinds County, Mississippi.

### III. FACTS

5.      PLAINTIFF owns and operates Merit Health Central, a hospital located at 1850 Chadwick Dr., Hinds County, Jackson, MS ("the HOSPITAL"), which serves a specific Stark Defined Designated Service Area, as defined in 42 CFR 411.357(e)(2) ("the COMMUNITY"), and situated in part within the First Judicial District of Hinds County. HOSPITAL is committed to the COMMUNITY served by the HOSPITAL. The HOSPITAL, from time to time, seeks to enhance the quality and quantity of physician skills available to the COMMUNITY by recruiting additional physicians practicing elsewhere in certain specialties needed by the COMMUNITY, pursuant to written Recruiting Agreements designed to induce physicians to relocate the physician's medical practice to the COMMUNITY, in order to become a member of the HOSPITAL's medical staff and join existing practice groups within the COMMUNITY, including, but not limited to the Joseph Stills Burn and Reconstruction Center (hereafter: "the PRACTICE").

6.      On or about October 7, 2020, DEFENDANT executed a Recruiting Agreement ("the AGREEMENT"), independently contracting with PLAINTIFF and the PRACTICE, a copy of said instrument being attached hereto, made a part hereof and marked **Exhibit "1"**. Said AGREEMENT did not create the relationship of employer and employee between the HOSPITAL and DEFENDANT, or the HOSPITAL and the PRACTICE, and DEFENDANT and the PRACTICE, at all times, acted as independent contractors. But, in order to assist DEFENDANT and the PRACTICE in establishing DEFENDANT's practice in the COMMUNITY, the HOSPITAL

guaranteed certain contractual obligations of DEFENDANT, subject to reimbursement by DEFENDANT to the HOSPITAL under certain specified terms and conditions.

7. Pursuant to Section B.1 of **Exhibit 1,** DEFENDANT agreed to engage in the Full-Time Private Practice of Medicine in his Specialty in the COMMUNITY, as defined by **Exhibit 1**, as an independent contractor with PLAINTIFF and the PRACTICE.

8. DEFENDANT began his independent contractor relationship with the PLAINTIFF and the PRACTICE on, or about, October 8, 2020.

9. DEFENDANT ceased to be affiliated with the PRACTICE on, or about, July 30, 2021.

10. On July 30, 2021, DEFENDANT resigned his position as a staff physician at the HOSPITAL, effective immediately, pursuant to a written letter of resignation being attached hereto, made a part hereof and marked **Exhibit "2"**.

11. By ceasing the Full-Time Practice of Medicine, DEFENDANT breached material terms of **Exhibit 1,** triggering DEFENDANT'S obligation to repay certain contractually agreed amounts to PLAINTIFF. Specifically, per Sections C.1 and C.4 of **Exhibit 1,** PLAINTIFF agreed to and did advance DEFENDANT a $60,000 Commencement Bonus and $49,085.85 in Cash Collections Guarantee Payments.

12. In Sections C.4 and E.7 of **Exhibit 1,** DEFENDANT agreed that if DEFENDANT did not maintain the Full-Time Private Practice of Medicine in the COMMUNITY, DEFENDANT would immediately repay him the unamortized portion of the Commencement Bonus, as well as the "total sum of the Total Cash Collections Guarantee Payments."

13. The unamortized portion of DEFENDANT'S Commencement Bonus is $45,833.33, and DEFENDANT'S reimbursement obligation for Cash Collections Guarantee Payments is $49,085.85, for a total of $94,919.18.

14. The unamortized portion of DEFENDANT'S Commencement Bonus and DEFENDANT'S reimbursement obligation for Cash Collections Guarantee Payments became due and payable in full after July 30, 2021.

15. On, or about, September 1, 2021, the HOSPITAL made the demand on the DEFENDANT to reimburse the HOSPITAL, in the total amount of $94,919.18, pursuant to a written demand letter being attached hereto, made a part hereof and marked **Exhibit "3."**

16. DEFENDANT materially breached the AGREEMENT by not repaying all or any part of the principal total amount of $94,919.18 owed to the HOSPITAL and is, therefore, in default.

17. DEFENDANT'S failure to perform his obligation to refund $94,919.18 owed to the HOSPITAL is an intentional wrong by DEFENDANT, who acted maliciously and with reckless disregard of the HOSPITAL's rights, thereby, justifying an award of punitive damages, for which demand is hereby made.

18. This Court has the discretion to award prejudgment interest if (1) the amount of damages is fixed and (2) liability is undisputed.[5] For prejudgment interest to be awarded, the party

---

[5] In a diversity action, state law governs the award of pre-judgment interest. *Smith v. Industrial Constructors, Inc.,* 783 F.2d 1249 (5th Cir.1986). Under Mississippi law, the trial court has discretion to award prejudgment interest where the facts and circumstances of the case justify its allowance. *H & W Indus., Inc. v. Occidental Chem. Corp.*, 911 F.2d 1118, 1123 (5th Cir.1990) citing *Glantz Contracting Co. v. General Electric Co.*, 379 So.2d 912 (Miss.1980).

must make a proper demand for the interest in the pleadings, including the date that it was allegedly due. The principal amount, which DEFENDANT contractually owes PLAINTIFF from and after July 30, 2021, is fixed by **Exhibit 1** at $94,919.18. The post-judgment interest rate for judgments in federal courts is governed by federal statute, 28 U.S.C. § 1961(a).[6] The federal post-judgment interest rate for the week ending July 30, 2021, was 0.07%. Per diem or daily interest amount accruing is therefore $1.81 (daily interest = .007/365 x $94,919.18). Demand is hereby made for prejudgment interest in this amount accruing at the rate of $1.81 per day from and after July 30, 2021.

19. This matter has been placed in the hands of the undersigned attorney for collection. If punitive damages against DEFENDANT are awarded, demand is hereby made for an award of reasonable attorney's fees from PLAINTIFF to be determined by the Court at the time that such a judgment in favor of PLAINTIFF is rendered by reference to the factors set forth in Rule 1.5 of the Mississippi Rules of Professional Conduct.

20. Mississippi Code § 75-17-7 permits post-judgment interest "at a per annum rate set by the judge," and this applies to tort as well as to contract claims. In *Miss. Dept. of Mental Health v. Hall*, 936 So.2d 917, 929 (Miss. 2006), for example, the Supreme Court held that an award of

---

[6] *Hall v. White, Getgey, Meyer Co., LPA*, 465 F.3d 587, 594 (5th Cir.2006). 28 U.S.C. § 1961(a) reads as follows: "(a) Interest shall be allowed on any money judgment in a civil case recovered in a district court. Execution therefor may be levied by the marshal, in any case where, by the law of the State in which such court is held, execution may be levied for interest on judgments recovered in the courts of the State. Such interest shall be calculated from the date of the entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding.1 the date of the judgment. The Director of the Administrative Office of the United States Courts shall distribute notice of that rate and any changes in it

post-judgment interest at the rate of "one percent above the prime rate of eight percent" (i.e., at 9%) was within the Court's discretion under the revised statute. Accordingly, in the event that a judgment is rendered in favor of PLAINTIFF and against DEFENDANT, PLAINTIFF additionally makes demand for a post-judgment interest award based on the applicable federal judgment interest rate, or at a rate one percent above the prime interest rate, whichever is higher, calculated from and after the date that such judgment is entered.

21. Finally, PLAINTIFF hereby makes demand for an award of court costs in an amount to be determined by the Court in any final judgment rendered against DEFENDANT.

22. PLAINTIFF, therefore, is entitled to recover Judgment against the DEFENDANT in the principal sum of $94,919.18, together with pre-judgment interest, and lawful interest, thereon, from and after judgment, together with a reasonable attorney's fee and all taxable court costs in an amount to be determined by the Court.

**WHEREFORE,** PLAINTIFF demands Judgment of, from, and against DEFENDANT in the principal amount of $94,919.18, together with pre-judgment interest in the daily amount of $1.81, from and after July 30, 2021, plus punitive damages, and a reasonable attorney's fees, and an award of all court costs, in amounts to be determined by the Court plus lawful post-judgment interest, thereon, calculating according to the greater of the Federal judgment interest rate from and after the date when a judgment is rendered or at a rate one percent above the prime interest rate, whichever is higher, calculated from and after the date that such judgment is entered.

PLAINTIFF further moves the Court for such other or general relief as may be equitable,

---

to all Federal judges."

just, and proper.

    This the 17th day of February, 2023.

                        Respectfully submitted,

                        **JACKSON HMA LLC**
                        **d/b/a MERIT HEALTH CENTRAL (HOSPITAL)**

BY:   */s/William V. Westbrook, III*
           **WILLIAM V. WESTBROOK, III, MS Bar No. 7119**
           **STEPHEN G. PERESICH MS Bar No. 4114**
           **JOHANNA M. MCMULLAN, MS Bar No. 9901**
           **PAGE, MANNINO, PERESICH & MCDERMOTT, P.L.L.C.**
           **759 Howard Avenue (39530)**
           **Post Office Drawer 289**
           **Biloxi, Mississippi 39533-02189**
           **Telephone:   228.374.2100**
           **Facsimile:   228.432.55389**
           Johanna.mcmullan@pmp.org
           stephen.peresich@pmp.org
           cwestbrook@pmp.org